1271. WILLS—Where estate is divided into tenths and twentieths but total number of parts devised amounts to twenty six, assumed intention of testator to divide his estate into twenty six parts with beneficiaries taking proportionally as stated in will.

DARBY, J.

This action was brought to construe the will of John Meeker, deceased, and also for the distribution instructions in the administration of the estate.

The testator drew his own will and divided his estate into 26 parts but designated the parts as "tenths" and "twentieths" so that the distribution as made by him disposed of twenty six twentieths. The distribution was as follows:—2/10 of the estate to each of three persons, 1/20 to each of 13 persons; and 1/20 to be divided among brothers and sisters. The Court held:

1. The will clearly shows that there was no manipulation of the figures. Had the testator given 2/20 to each of the persons to whom he gave 2/10, there would have been no discrepancy.

2. He clearly distinguishes, however, the quantities to be given to the other three persons from the quantities to be given to the other persons.

3. The testator intended to divide his estate into twenty six parts; and the beneficiaries were to take in the proportions stated in he will.

4. Maurice Goodwin was intended to be designated in the legacy to "Morie Goodwin". He lived at the place designed in the will, was a member of the Goodwin family intended to be benefited by the will, and was the only person living there whose name commenced with "M", and the name "Maurice" is often pronounced as though spelled "Morie".

Attorneys—E. C. Reemelin for Bowles; Clarence H. Hallman and Joseph B. Derbes for Stockman et; all of Cincinnati.

No. 266

DRAPKO v. UNITED AMER. LINES, INC.

Montgomery Common Pleas

No. 5636. Decided Dec. 23, 1925

1134. SUMMONS—1. Sale and delivery of tickets by steamship company; and display of pictures, folders, price lists, sailing lists, and direction of different tours, constitutes "doing business" within the state.

2. Company cannot reap benefits without subjecting itself to the burdens incident to doing business in the state.

McCRAY, J.

Sophia Drapko brought an action against the United American Lines, Inc., in the Montgomery Common Pleas seeking to recover $2995 damages for injuries, claimed to have been sustained by her on one of the corporations' steamships enroute to New York City from Hamburg, Germany.

On July 2, 1925, a summons was issued the return of which showed that a true copy thereof had been handed "to George J. Steiger and M. K. Mackevich, as agents," the president

and other chief officers not being found in the county. The corporation appeared for the purpose of objecting to the jurisdiction and the motion asked that the service of summons be quashed.

An affidavit of the treasurer of the corporation set forth that the American Line United Inc. is a Delaware corporation and is not qualified to do business in Ohio; that it has no office in the state of Ohio. Machevich's deposition showed that he was only the agent to keep the steamship tickets in order; that he is furnished for the purpose of delivery to customers, folders and pictures, sailing lists, price lists, and directions for different tours. The Common Pleas Court on the hearing of the corporation's motion, held:

1. The two questions involved are whether or not the defendant was doing business in Ohio and whether there was legal service made upon Mackevich, as managing agent within the meaning of 11290 GC., which provides that when the defendant is a foreign corporation having a managing agent in this state, service may be made upon such agent.

2. Unless a foreign corporation is engaged in business within the state, it is not brought within the state by the presence of its agents.

3. The testimony of Mackevich that he "was an authorized agent attending to this and presumably matters of a kindred nature, undertaking to act for and represent the company, negotiating for it;" clearly shows that the corporation was "here" and could be served.

4. The appointment of Mackevich to act as agent, carried with it the implied authority to accept service and he exercised the powers which the evidence shows he did very promptly by placing the summons where it would receive competent attention of authorized attorneys.

5. He is there doing business for it and so manages its business. Such person is in every sense of the words used in the statute "a managing agent." C. & O. Ry. Co. v. Newman, 160 App. 156; Isrel v. Champion Shoe Mach. Co., 25 N. P. n.s. 507; 3 Abs. 512.

6. If the defendant could be sued only in the state of Delaware, this would be, in many cases, a serious obstruction to litigation.

7. The defendant would enjoy the benefits of selling passage upon its vessels without subjecting itself to the burdens incident to doing business in the respective states.

8. The defendant was doing business in Ohio, and a managing agent here was served with process so as to give the court jurisdiction.

Motion overruled.

Attorneys—W. S. Rhotehamel, for Drapko; Brown & Frank, for Company; all of Dayton.